IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABEL AGUILAR, | 1:12-cv-01087-BAM (PC) |
| Plaintiff, | ORDER DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO STATE A CLAIM (ECF No. 11) |
| vs. | |
| CDC METRO SHERIFF DEPT., | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL (ECF No. 10) |
| Defendants. | |
| _____/ | |

**I.     Procedural History**

Plaintiff Abel Aguilar is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action was filed on July 5, 2012.  (ECF No. 1.)  Plaintiff consented to the jurisdiction of the Magistrate Judge on August 3, 2012.  (ECF No. 8.)  On August 15, 2012, Plaintiff filed a motion for the appointment of counsel, and on August 24, 2012, a first amended complaint was filed.  (ECF Nos. 10, 11.)

**II.     First Amended Complaint**

**A.     Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or

-1-

that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678-79, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949; Moss, 572 F.3d at 969.

**B.      Discussion**

In addressing Plaintiff's motion for appointment of counsel, the Court has reviewed, Plaintiff's first amended complaint and motion for appointment of counsel.  In his first amended complaint, Plaintiff states that Defendants Zimmerman and Bravo are doing bad things, stealing individuals identities, in the guise of preventing terrorism.  Plaintiff seeks to stop the terror by investigating the crime.  He states that he seeks all police reports and probation reports and wants his case dismissed due to lack of evidence.  (ECF No. 11).  In his motion for appointment of counsel, Plaintiff states that he is seeking twenty three months that have been taken from him due to his false arrest.  (ECF No. 10.)

When a prisoner is challenging the legality or duration of his custody and the relief he

seeks is immediate or speedier release, his sole federal remedy is habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841 (1973). Where the action is brought to restore time credits, the effect is to shorten the term of confinement and the action would need to be brought by habeas corpus. Wilkinson v. Dotson, 544 U.S. 74, 79, 125 S. Ct. 1242, 1246 (2005). A "prisoner's § 1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)-*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson, 544 U.S. at 81-82, 125 S. Ct. at 1248.

Plaintiff is clearly challenging the legality or duration of his custody. Plaintiff alleges he was falsely convicted due to the misconduct of police officers. Plaintiff requests copies of the police and probation reports so he can show that he is being falsely detained, and wants his case dismissed for lack of evidence. (ECF No. 11 at 3.) Since the success in this action would necessarily demonstrate the invalidity of his confinement or its duration, the sole remedy available to Plaintiff is a writ of habeas corpus.

### III.     Motion for Appointment of Counsel

Plaintiff filed a motion seeking the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. Even were the Court to find that Plaintiff needed assistance in articulating his claims, since the substance of Plaintiff's complaint is that he was falsely convicted and is being illegally held, he cannot succeed on the merits in this section 1983 action. Plaintiff is seeking release from custody and his sole remedy is a writ of habeas corpus. Id.

### IV.   Conclusion and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires,'" Fed. R. Civ. P. 15(a), and "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect," Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted). However, the Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F. 2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, IT IS HEREBY ORDERED that:

1. This action is DISMISSED, without prejudice, based on Plaintiff's failure to state a claim upon which relief may be granted under section 1983;
2. Plaintiff's motion for appointment of counsel, filed August 15, 2012, is DENIED; and
3. The Clerk's Office shall enter judgment.

IT IS SO ORDERED.

Dated:   **August 27, 2012**          /s/ **Barbara A. McAuliffe**
                                              UNITED STATES MAGISTRATE JUDGE